IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-00020-MSK-BNB

DANA MARTINEZ, individually and on behalf of the minor children as next of kin and parent,
JACOB MARTINEZ, a minor,
ADAM MARTINEZ, a minor,
MICHAEL MARTINEZ, a minor,
SAMUEL MARTINEZ, a minor,
ISAIAH MARTINEZ, a minor,
PATRICE GOMEZ, a minor,
GABRIELLE GOMEZ, a minor, and
ROMAN GOMEZ, a minor,

    Plaintiffs,

v.

THE LOCHBUIE POLICE DEPARTMENT,
LOCHBUIE POLICE CHIEF JOE CISKAR, in his official and individual capacity,
LOCHBUIE POLICE OFFICER MATT CLARK, in his official and individual capacity,
LOCHBUIE POLICE OFFICER CONRAD VENEGAS, in his official and individual capacity,
and
LOCHBUIE POLICE OFFICER TOM BACKER, in his official and individual capacity,

    Defendants.
_____

**OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**
_____

    **THIS MATTER** comes before the Court pursuant to the Defendants' Motion for

Summary Judgment[1] **(# 95)**, the Plaintiffs' response **(# 97)**, and the Defendants' reply **(# 100)**.

---

[1]The Plaintiffs also have a pending Motion to Exceed Page Limits **(# 94)** on their brief in support of their Motion for Summary Judgment. However, the brief actually filed by the Defendants does not exceed the Court's page limits, and thus, the Motion to Exceed Page Limits is denied as moot.

**BACKGROUND**

The following facts are undisputed. The claims at issue here arise from an incident on January 22, 2002.[2] On that date, Defendants Clark and Backer, among others, were executing a search warrant at Plaintiff Dana Martinez's home. During that search, Defendants Clark and Backer observed what they believed were unsanitary conditions inside the home, as well as the presence of illegal drugs and weapons. While the search was taking place, Paul Gomez drove up to the house in a van, accompanied by Plaintiff Dana Martinez and the minors appearing as Plaintiffs in this case. Defendants Clark and Backer had a warrant to arrest Paul Gomez, and they did so. At that time, both Defendants claimed to observe a smell of "burnt marijuana" from inside the van, and Defendant Clark observed Gomez to have physical symptoms indicating that he was under the influence of marijuana.[3] Another police officer on the scene searched the van and located a quantity of marijuana behind a seat in the van. Defendants Clark then placed Plaintiff Dana Martinez under arrest for three separate crimes: (i) child abuse, resulting from the unsanitary conditions inside the house; (ii) child abuse, resulting from allowing Paul Gomez, while under the influence of marijuana, to drive the van containing the children; and (iii) possession of the marijuana found in the van. The minor Plaintiffs were not arrested.

---

[2]The Complaint also recites numerous instances in 2001 and 2002 in which the Plaintiffs contend that various Defendants engaged in unlawful searches and seizures of them. However, the Plaintiffs acknowledge that they do not base any claims on any of these instances, and allege them only for the purpose of showing a pattern of unlawful conduct against them by the Defendants.

[3]Plaintiff Dana Martinez denies that Gomez used marijuana in her presence that day and denies knowledge that Gomez was under the influence of marijuana at the time, but does not specifically deny the Defendants' characterizations of Gomez's appearance nor the odor in the van.

Criminal charges were filed against Plaintiff Dana Martinez by the Weld County District Attorney, but the record does not indicate the specific charges, nor the outcome of the proceedings on such charges. No criminal charges were filed against any of the minor Plaintiffs.

Plaintiff Dana Martinez commenced this action both in her own name and on behalf of her minor children. The Complaint alleges three claims by all Plaintiffs: (i) a claim under 42 U.S.C. § 1983 against all Defendants, based on a violation of each Plaintiff's 4th Amendment rights[4]; (ii) a claim under 42 U.S.C. § 1983 against all Defendants, in that each Plaintiff was subjected to false arrest, malicious prosecution, and abuse of process in violation of the 14th Amendment; (iii) a claim under 42 U.S.C. § 1983 against all Defendants for "outrageous conduct in violation of the 8th Amendment."

The Defendants then filed the instant Motion for Summary Judgment **(# 95)**. The Plaintiffs concede many of the arguments asserted in the Defendants' motion. Specifically, they concede that:

• none of the incidents discussed in the Complaint, other than the January 22, 2002 incident, are the subject of claims in this case;

• Defendant Venegas is entitled to summary judgment on all claims against him;

• Defendant Lochbuie Police Department is not an entity subject to suit, and that the claims against it should be dismissed; and

• the 8th Amendment claim is not viable under the facts of this case, and should be dismissed.

---

[4] The precise nature of this claim is somewhat unclear in the Complaint. The Plaintiffs do not assert that any particular event allegedly constituted an unlawful search or seizure. Rather, they allege that based on the prior factual allegations in the Complaint, "plainly unconstitutional actions" were taken by the Defendants.

In addition, although the Plaintiffs have not addressed that portion of the Defendants' motion that challenges the ability of the minor Plaintiffs to assert violations of their own constitutional rights, and thus, the Defendants are entitled to summary judgment on the claims by the minor Plaintiffs. Because the Plaintiffs do not purport to assert claims against any institutional defendant, such as the Town of Lochbuie or the Lochbuie Police Department, the claims against the Defendants in their official capacities must also be dismissed.

Thus, only the following claims by Plaintiff Dana Martinez (hereinafter, "the Plaintiff") remain: (i) a 4th Amendment violation against Defendants Backer and Clark in their individual capacities, for her warrantless arrest on January 22, 2002 without probable cause; (ii) a malicious prosecution and abuse of process claim against Defendants Clark and Backer in their individual capacities, arising out of alleged misstatements made by them to the Weld County District Attorney that resulted in the commencement or continuation of criminal proceedings against her; and (iii) a *Monell*-type claim against Defendant Ciskar[5] in his individual capacity, based on his failure to properly train and supervise Defendants Backer and Clark. In their Motion for Summary Judgment, each Defendant contends that he is entitled to qualified immunity, insofar as the Plaintiff cannot sufficiently establish a constitutional violation, and that, if she can, the rights allegedly violated were not "clearly established" at the time.

## JURISDICTION

The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

---

[5] Although the parties spell this Defendant's name as "Siskar" in their pleadings, absent amendment of the caption of the case, the Court will use the spelling in the caption.

4

## ANALYSIS

### A.  Standard of review

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Cattret*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F. 3d 567, 569 (10th Cir. 1994); *see also In re Ribozyme Pharmaceuticals, Inc. Securities Litigation*, 209 F. Supp.2d 1106 (D. Colo. 2002). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv SAP, Inc.*, 210 F. 3d 1132 (10th Cir. 2000); *Carry v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987).   A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party.  *Anderson*, 477 U.S. at 248.  The court must resolve factual ambiguities against the moving party, thus favoring the right to a trial.  *Houston v. Nat'l General Ins. Co.*, 817 F. 2d 83, 85 (10th Cir. 1987); *Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995); *Grayson v. American Airlines, Inc.*, 803 F. 2d 1097, 1101 (10th Cir. 1986).

The analysis to be applied on a motion for summary judgment differs depending on whether the moving party is also the party with the burden of proof at trial.  Where, as here, the non-movant bears the burden of proof at trial, the non-movant must point to specific evidence establishing a genuine issue of material fact with regard to each challenged element.  *Ribozyme*, 209 F.Supp.2d at 1111; *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002).

### B. Qualified immunity of the Defendants

The Defendants have framed each of their arguments for summary judgment in accordance with the doctrine of qualified immunity. In an action under §1983, individual defendants are entitled to qualified immunity unless it is demonstrated that their alleged conduct violated clearly established constitutional rights of which a reasonable person in their positions would have known. *Reynolds v. Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004). When the defense of qualified immunity is raised in a summary judgment motion, the Plaintiff bears the burden to show both that each Defendant's action violated a constitutional right, and that that right was clearly established at the time of the conduct. *Id.* The Court must first decide whether the Plaintiff has alleged sufficient facts, viewed in the light most favorably to her, to establish that the conduct violated her rights. *Id.* at 1030-31.

The Court turns to the "clearly established" question only if the Plaintiff carries the first part of her burden. *Id.* at 10303, *citing Maestas v. Lujan*, 351 F.3d 1001, 1007 (10th Cir. 2003); *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001). Although this element is often described as examining "whether a reasonable person in [the defendant's] position would have known" that the conduct was unlawful, *see e.g. Reynolds,* 370 F.3d at 1030; *Liebson v. New Mexico Corrections Dept.*, 73 F.3d 274, 276 (10th Cir. 1996), this phraseology can lead unwary counsel into the belief that the subjective understanding of the actor is somehow important. It is not. *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998) ("evidence concerning the defendant's subjective intent is simply irrelevant to that defense"). Whether a right was "clearly established" is an "essentially

6

legal question," *id.* at 589, which is only loosely tied to the particular facts of the case.[6] Rather, it focuses on the state of the law at the time of the challenged conduct, and is particularly amenable to resolution on summary judgment. *Id.* at 590.

With these principles in mind, the Court turns to the particular claims asserted by the Plaintiff.

### 1. Arrest without probable cause

As relevant to this claim, the 4th Amendment to the United States Constitution requires that the warrantless arrest of a person be accompanied by probable cause to believe that the individual has committed an arrestable offense. *Tanberg v. Sholtis*, 401 F.3d 1151, 1159 (10th Cir. 2005). Probable cause to arrest exists if the facts and circumstances within the arresting officer's knowledge, and those facts of which he has reasonably trustworthy information, are sufficient to lead a prudent person to believe that the arrestee has committed an offense. *Id.* The Court must afford qualified immunity to the arresting officer if a reasonable police officer could have believed, based on the objective facts available to the officers at the moment of arrest, that probable cause existed for the arrest. *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1068 (10th Cir. 2005); *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312-13 (10th Cir. 2002). Thus, an officer with a reasonable, albeit mistaken, belief that probable cause exists nevertheless is entitled to immunity. *Oliver v. Woods*, 209 F.3d 1179, 1188 (10th Cir. 2000). Where an arrest is predicated on multiple

---

[6]Of course, the Court must analyze the state of the existing law not in general terms, but in the particularized context in which the violation is alleged to have occurred. *Brosseau v. Haugen*, 125 S.Ct. 596, 599 (2004). To the extent the factual context of the events is disputed in pre-trial motions, the Court must assess the "clearly established" standard according to the non-movant's version of the facts. *See e.g. Jones v. Hunt*, 410 F.3d 1221, 1230-31 & n. 7 (10th Cir. 2005) (noting that the court's analysis of the "clearly established" issue was "largely dictated by the Rule 12(b)(6) standard," and "we must accept [the plaintiff's] allegations as true").

7

charges, the sufficiency of probable cause with regard to any of the charges defeats any claim arising from the fact that other charges may not have been supported by probable cause. *See Foster v. Metropolitan Airports Commission*, 914 F.2d 1076, 1080 (8th Cir.1990) ("when a peace officer has probable cause to believe that a person is committing a particular public offense, he is justified in arresting that person, and it is immaterial that the officer may have thought, without probable cause, that the defendant was committing or had committed other offenses as well").

It is undisputed that the Plaintiff was arrested on January 22, 2002 for three separate offenses: child abuse, resulting from the conditions in the home; child abuse, resulting from allowing the children to ride with a driver under the influence of marijuana; and possession of the marijuana found in the van. The Plaintiff points to the following items of evidence in support of her contention that the arrest was without probable cause: (i) her own testimony that she was unaware that Gomez had smoked marijuana before or during the drive; (ii) Samuel Martinez's testimony that Gomez had never smoked marijuana in his presence[7]; (iii) Samuel Martinez's testimony that he had ever seen evidence of drugs in or around the Plaintiff's home; (iv) Samuel Martinez's testimony that none of his family members admitted to smoking marijuana on January 22, 2004; and (v) in light of the foregoing, the implausibility of the testimony by two police officers who claimed to actually view marijuana smoke coming from the van.

Taken in the light most favorable to the Plaintiff, this evidence– particularly the Plaintiff's testimony that she did not know that Gomez was under the influence of marijuana at the time–

---

[7] The record indicates that Samuel Martinez was at the Plaintiff's home on January 22, 2002, and was not in the van during the incident.

8

might be sufficient to show that the Defendants lacked probable cause to charge the Plaintiff with child abuse based on her allowing her children to ride with Gomez. However, it does not vitiate the existence of probable cause to charge her with child abuse based on the conditions inside the home, or with possession of the marijuana found in the van. The Plaintiff's failure to assert facts showing that no probable cause existed to charge her with these two crimes is enough to warrant summary judgment in favor of the Defendants, as the Plaintiff bears the burden of proof on this issue. When faced with a motion for summary judgment, a plaintiff cannot merely rest on her pleadings, but must come forward with specific evidence that would be sufficient to support her claim. *BancOklahoma Mort. Corp. v. Capital Title Co.*, 194 F.3d 1089, 1097 (10th Cir. 1999). Because the Plaintiff was arrested for several offenses at the same time, she must establish an absence of probable cause for <u>all</u> of the charges on which she was arrested before a 4th Amendment claim may lie. Her failure to point to facts demonstrating that the child abuse charge based on unsanitary conditions and the possession of marijuana charge were not supported by probable cause requires the Court to grant summary judgment to the Defendants.[8]

---

[8]The Court has some concern as to whether the child abuse charge based on unsanitary conditions could itself justify the Plaintiff's arrest. That charge was based on C.R.S. § 18-6-401, which makes it a criminal offense if a person "causes an injury to a child's life or health, or permits a child to be unreasonably placed in a situation that poses a threat of injury to the child's life or health." Theoretically, one might argue that keeping children in a squalid home might pose a threat to the childrens' health, but the Court's research has revealed no reported case from Colorado in which a person was criminally convicted for child abuse based solely on unsanitary conditions in the child's home.

Nevertheless, it appears that the arrest based on possession of the marijuana found in the van was most likely permissible. Under Colorado law, a conviction for possession of marijuana can be predicated on circumstantial evidence, such as proof that the drugs, while not in physical possession of a person, were in a place that was under the person's dominion and control. *People v. Dwire*, 624 P.2d 909, 911 (Colo. App. 1980). Here, the record reflects that a baggie of marijuana was found in the van in a pocket behind the driver's seat and that four marijuana "roaches" were found on the floor between the driver's and passenger's seats in the van. *Docket*

2. Malicious prosecution/abuse of process

The Plaintiff asserts claims for both malicious prosecution and abuse of process. These claims are primarily analyzed in accordance with their common-law equivalents. *Erikson v. Pawnee County Board of County Commissioners*, 263 F.3d 1151, 1154 (10th Cir. 2001), *but see Pierce v. Gilchrist*, 359 F.3d 1279, 1287-89 (10th Cir. 2004) ("Although the common law tort serves as an important guidepost for defining the constitutional cause of action, the ultimate question is always whether the plaintiff has alleged a constitutional violation").

Under Colorado law, a malicious prosecution claim requires proof that: (i) a defendant contributed to bringing a civil or criminal proceedings against the plaintiff; (ii) the proceeding was resolved in favor of the plaintiff; (iii) there was no probable cause for the proceeding; (iv) the defendant acted with malice; and (v) the plaintiff incurred damages. *Hewitt v. Rice*, 119 P.3d 541, 544 (Colo. App. 2004). There elements are effectively identical to those set forth in the Restatement, *Restatement,* 2d Torts, § 672. A claim for abuse of process requires proof of: (i) the use of legal process in an improper manner; (ii) an ulterior purpose for doing so; and (iii) damages. *American Guarantee & Liability Ins. Co. v. King*, 97 P.3d 161, 170 (Colo. App.

---

# 97, Ex. H at 79-80. At the time the Plaintiff was confronted by the police, she admitted that she had smoked marijuana in the past, although she denied having done so that night, and admitted that she knew that Gomez smoked marijuana. *Docket* # 97, Ex. F at 248. The fact that the Plaintiff admitted to being a marijuana user herself and was traveling with a person she knew to be a marijuana user, coupled with the fact that marijuana was available within the passenger compartment of the vehicle she was riding in, is likely sufficient to constitute probable cause to arrest the Plaintiff for possession of that marijuana. *C.f. Maryland v. Pringle,* 540 U.S. 366, 372-73 (2003) (finding probable cause to arrest all passengers in car for possession of drugs found in armrest in back seat) *with Dwire*, 624 P.2d at 911 (absence of additional evidence of knowledge and control required dismissal of charge that passenger in car possessed marijuana found in trunk).

2003), *citing James H. Moore & Assocs. Realty, Inc. v. Arrowhead at Vail*, 892 P.2d 367, 373 (Colo.App.1994); *see also Restatement,* 2d <u>Torts</u>, § 682.

With regard to the malicious prosecution claim, the Defendants contend that the Plaintiff cannot establish that either Defendant Backer or Clark contributed to bringing the criminal action against her. Rather, they contend that the decision to prosecute the Plaintiff for child abuse was made solely by the Weld County District Attorney. In addition, the Defendants contend that they did not make any false statements to the Weld County District Attorney, apparently contesting the Plaintiff's ability to establish that the prosecution was without probable cause. With regard to the abuse of process claim, the Defendants contend that the Plaintiff cannot establish that they utilized the criminal process for any reason other than the protection of the children, which the Court assumes is a challenge to the Plaintiff's ability to prove the first element of the claim. In response to these arguments, the Plaintiff offers a syllogism. If, as she contends, Gomez was not smoking marijuana on January 22, 2002, and if the Defendants' excuse for arresting the Plaintiff for child abuse was because they saw smoke coming from the van, then there is at least an issue of fact as to whether the Defendants' reports, upon which the criminal prosecution was based, were false.

A malicious prosecution claim may stand against a person despite the fact that an intervening third party (such as a county prosecutor) independently determined that proceedings were appropriate. In *Pierce*, the 10th Circuit held that a malicious prosecution claim against a crime lab technician accused of falsifying evidence could stand, even though the technician was not responsible for instituting the criminal proceedings. 359 F.3d at 1292. Citing the *Restatement*'s requirement that a malicious prosecution defendant merely "procur[e] the continuation" of criminal proceedings, the court reaffirmed its position that "officers who conceal

11

and misrepresent material facts to the district attorney are not insulated from a § 1983 claim for malicious prosecution simply because the prosecutor, grand jury, trial court, and appellate court all act independently to facilitate erroneous convictions." 359 F.3d at 1292. Assuming the Defendants' statements were false, the Plaintiff would have to produce evidence to establish that the false statements induced the Weld County District Attorney to initiate or continue the prosecution of the Plaintiff. *Pierce*, 359 F.3d at 1292, *quoting Jones v. City of Chicago*, 856 F.2d 985, 994 (7th Cir.1988) (evidence must establish that false statements were "instrumental" in furthering the criminal prosecution).

However, the Plaintiff has not produced such evidence. The entire record is curiously silent as to every aspect of the criminal prosecution against the Plaintiff: it does not reflect when charges were filed, what the Plaintiff was ultimately charged with, what proceedings were had, or the disposition of those charges. Even if the Court were to simply accept allegations by counsel in briefing– allegations unsupported by any citation to evidence– the record only establishes that the Plaintiff was charged with some criminal conduct related to the "health and safety of her children," *Docket* # 95 at 7; *Docket* # 96 at 12, and that child abuse charges against her were dropped for lack of evidence. *Docket* # 97 at 7. The Plaintiff has presented no evidence indicating what charges the Weld County District Attorney filed or upon what information the charges were based, much less demonstrate that statements by Defendants Backer and Clark that they saw smoke coming from the van were matters that affected the prosecutor's decision. Because the Plaintiff has not come forward with evidence to establish any connection between the allegedly false statements by the Defendants and her prosecution, the Defendants are entitled to summary judgment on the malicious prosecution claim.

With regard to the abuse of process claim, it appears that the Plaintiff misunderstands the claim. Abuse of process lies where a party invokes legal proceedings not for their intended purpose, but in an effort to obtain collateral results that would not be available by the normal operation of such proceedings. *James H. Moore*, 892 P.2d at 373, *citing Restatement*, 2d Torts, § 682, comment b (no claim lies "when the process is used for the purpose for which it is intended, [even though] there is an incidental motive of spite or an ulterior purpose"). For example, a party engages in abuse of process when he files liens against his adversary, not because the filer claims an interest in the property, but to compel the adversary to concede a child custody proceeding. *James H. Moore*, 892 P.2d at 373, *citing Scozari v. Barone,* 546 So.2d 750 (Fla.Ct.App.1989).

In cases such as this, where the Plaintiff's claim is that the Defendants sought to secure an unfounded criminal conviction, the process in question was used in the precise manner in which it was intended. The proper claim in these circumstances is malicious prosecution, not abuse of process. *Erikson*, 263 F.3d at 1155 n. 5.

### 3. *Monell* claim

Finally, the Plaintiff asserts a *Monell*-type claim against Defendant Ciskar, for allegedly failing to adequately train and supervise employees Clark and Backer. An essential element of a *Monell* claim is that the Plaintiff has stated a viable claim for an actual constitutional deprivation by a state actor other than the *Monell* defendant. *See e.g. City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820 (1985) ("the municipal policy must be the moving force of the constitutional violation") (internal quotes omitted). Because the Court has granted summary judgment to the

13

state actors, Defendants Backer and Clark, on all of the Plaintiff's claims, no *Monell* claim lies against Defendant Ciskar.[9]

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Exceed Page Limits **(# 94)** is **DENIED AS MOOT**. Defendants' Motion for Summary Judgment **(# 95)** is **GRANTED** with regard to all claims. Judgment shall enter in favor of the Defendants on all claims in the Complaint by all Plaintiffs. Upon entry of that Judgment, the Clerk of the Court shall close this case.

Dated this 6th day of February, 2006

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge

---

[9]Although an argument could be made that the numerous other allegations of constitutional deprivations by Lochbuie Police Officers against the Plaintiffs in 2001 and 2002 could support a *Monell* claim against Defendant Ciskar, no evidence concerning these events has been offered by the Plaintiff. The mere allegation of unconstitutional conduct in a pleading is insufficient to carry the Plaintiff's burden when faced with a summary judgment motion.